IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY

| | |
|---|---|
| **TERESA A. WALSH, individually and on behalf of all others similarly situated,** 3402 Montford Rd. N. Westerville, OH 43081 | CASE NO._____ |
| Plaintiffs, | JUDGE: _____ |
| v. | |
| | JURY DEMANDED |
| **UNIVAR SOLUTIONS USA I&S LLC,** Corporation Service Company, Registered Agent 1160 Dublin Road, Suite 400 Columbus, Ohio 43215 | |
| *Defendant.* | |

**COMPLAINT**

**I. INTRODUCTION**

1. This is an action brought by Teresa A. Walsh (hereinafter "Named Plaintiff") on behalf of herself and all others similarly situated against Univar Solutions USA I&S LLC (hereinafter "Defendant").

2. Named Plaintiff brings her federal claims against Defendant in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standard Act of 1939 ("FLSA"), as amended 29 U.S.C. § 201 et seq. Named Plaintiff seeks Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to inform Defendant's other similarly situated employees who worked in the state of Ohio of their rights under the FLSA.

1

3. Named Plaintiff brings her Ohio claims against Defendant in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et. seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, 15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") and O.R.C. § 2307.60. Named Plaintiff brings her Ohio Acts and O.R.C. § 2307.60 on behalf of herself and Defendant's similarly situated employees from Ohio who file their written consent to join this action pursuant to Ohio Rev. Code. § 4111.14(k). Named Plaintiff seeks Court Supervised Notice pursuant to Ohio Rev. Code § 4111.14(k).

4. The Putative Plaintiffs are those similarly situated current and former employees of Defendant who worked in Ohio and did not receive one and a half times their regular rate for all hours worked over forty (40) in a workweek. (hereafter, "Putative Plaintiffs").

5. Under the FLSA and the Ohio Wage Acts, Defendant was required to pay for all hours Putative Plaintiffs worked and pay them 150% of their regular rate for all hours worked over 40 in a workweek. By willfully failing to compensate Named Plaintiff and Putative Plaintiffs who performed pre-shift and post-shift work, Defendant violated the FLSA and the Ohio Acts.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over Defendant because Defendant transacts business in this state.

8. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims occurred in Ohio, including Dublin, Ohio (Franklin county).

## III. THE PARTIES

2

9.  Teresa A. Walsh ("Named Plaintiff") is an adult resident of Westerville, Ohio residing at 3402 Montford Rd. N. Westerville, OH 43081. Named Plaintiff was employed by Defendant as a sample processing specialist beginning in approximately August 2021 until approximately March 2025. Her consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

10. The Putative Plaintiffs are all non-exempt employees employed by Defendant in Ohio within three (3) years preceding the commencement of this action who were not paid overtime at a rate of 150% their respective regular rates for all hours worked over forty (40) in a workweek.

11. Defendant Univar Solutions USA I&S LLC and is a foreign limited liability company registered to do business in the state of Ohio. Process may be served upon its Registered Agent, Corporation Service Company at 1160 Dublin Road, Suite 400 Columbus, Ohio 43215.

## IV. FACUTAL ALLEGATIONS

12. During all times material to this Complaint, Defendant was an employer within the meaning of the FLSA, the Ohio Acts, and O.R.C. § 2307.60.

13. During all times material to this Complaint, Defendant employed Named Plaintiff and the Putative Plaintiffs within the meaning of the FLSA and the Ohio Acts.

14. During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

3

15. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs have been Defendant's employees pursuant to the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

16. During all times material to this Complaint, Defendant hired Named Plaintiff and the Putative Plaintiffs as hourly nonexempt employees.

17. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs were paid at an hourly rate, not on a salary or fee basis as described in 29 C.F.R. § 541.301 and thus were non-exempt employees entitled to be paid at least the minimum wage for all hours worked and overtime at 150% of their regular rate for all hours worked over forty (40) in a workweek.

18. Per Defendant's website, Defendant is a chemical and ingredient distributor working as a global partner to both customers and suppliers.[1]

19. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs regularly worked beyond forty (40) hours in a workweek.

20. During all times material to this Complaint, Defendant would record Named Plaintiff and the Putative Plaintiffs' hours worked using the software system ADP, wherein Named Plaintiff and the Putative Plaintiffs would have to manually clock themselves in to work and clock themselves out at the end of their respective shifts.

21. During all times material to this Complaint, and upon information and belief, Named Plaintiff was typically scheduled to work Monday through Friday from 8:00 a.m. to 5:00 p.m.

---

[1] *See* https://www.univarsolutions.com/about-us?srsltid=AfmBOor6HElRILxm-vWkkjtOgPCa9nLSyqjY7Y5sW-FaN-BoGWQxad4K accessed on April 24, 2025.

4

22. However, during all times material to this Complaint, both the Defendant's companywide policies, its work demands and Named Plaintiff's and the Putative Plaintiffs' primary job duties often required them to work before their scheduled shift began or after it had ended

23. During all times material to this Complaint Named Plaintiff's and the Putative Plaintiffs' duties included checking emails for new sample requests, processing chemical samples, and facilitating communication between suppliers and customers regarding those requests.

24. During all times material to this Complaint, Plaintiffs were required to review their emails and process samples as soon as they come in, as it was Defendant's companywide policy and common practice that Named Plaintiff and the Putative Plaintiffs were required to "get to zero" emails each day. ("Email Duties")

25. Further, during all times material to this Complaint, and upon information and belief, Defendant maintained a companywide policy and practice requiring that once a sample is retrieved from the database, it must be processed without delay and cannot remain unprocessed overnight. In cases where a sample is designated as "rushed," Named Plaintiff and the Putative Plaintiffs were required to complete processing within 24 hours of the sample's entry into the database. ("Process Duties")

26. During all times material to this Complaint, and as a result of Defendant's required Email Duties and Process Duties, Named Plaintiff and the Putative Plaintiffs routinely spent and continue to spend approximately seven (7) to ten (10) minutes before and after their scheduled shifts performing their required duties, essentially working "off the clock" and without pay.

5

27. During all times material to this Complaint and upon information and belief, Defendant knew or should have known that Named Plaintiff and the Putative Plaintiffs often worked seven (7) to ten (10) minutes both before and after their scheduled shifts and permitted this "off the clock" work without pay to occur.

28. Additionally, during all times material to this Complaint, if the Named Plaintiff or Putative Plaintiffs performed work outside of their scheduled shift times—either before the start or after the end of their shifts—Defendant would alter their time records to reflect only the scheduled hours, rather than the actual time.

29. Upon information and belief, Defendant's altered Named Plaintiff's and the Putative Plaintiffs' time records as part of a scheme to avoid paying overtime.

30. During all times material to this Complaint, when the off the clock unpaid work time is added back into Named Plaintiff's and the Putative Plaintiffs' hours worked, they go uncompensated for overtime hours worked in violation of the FSLA and Ohio Wage Acts.

31. During all times material to this Complaint, Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Named Plaintiff and the Putative Plaintiffs for all hours worked, including all hours worked over forty (40) in a workweek at an amount equal to 150% of their regular rate.

32. Indeed, during all times relevant to this Complaint, and upon information and belief, Defendant evaluated its supervisors based, in part, on their ability to meet performance quotas that required limiting or avoiding the payment of overtime to employees.

33. During all times material to this Complaint, Defendant's pay practice of not paying Named Plaintiff and the Putative Plaintiffs for all hours worked, including all hours worked over forty (40) in a workweek at an amount equal to 150% of their regular rate, was willful and not in good faith.

6

## V. COURT SUPERVISED NOTICE PURSUANT TO 29 USC § 216(b) ALLEGING FLSA VIOLATIONS

34. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

35. Named Plaintiff requests that the Court issue Court Supervised Notice to the following group of current and former employees defined as:

> **All current and former hourly employees who have been employed by Univar Solutions USA I&S LLC in Ohio who, within the three (3) years preceding the commencement of this action through the present, worked more than forty (40) hours in a workweek. ("Employees Entitled to Notice")**

36. Named Plaintiff reserves the right to amend and refine the definition of the Employees Entitled to Notice she seeks to have the Court serve notice based upon further investigation and discovery.

37. The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

38. Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiff.

39. Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for paying them for all hours worked.

7

40. Named Plaintiff and the Employees Entitled to Notice, having willfully been not paid their entitled compensation for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

41. The Named Plaintiff and the Employees Entitled to Notice have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned FLSA compliant wages.

42. Named Plaintiff seeks to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

43. Named Plaintiff is similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

44. Named Plaintiff intends to send notice to all the Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA.

45. Named Plaintiff and the Employees Entitled to Notice have been similarly damaged by Defendant's willful refusal to pay minimum wages for all hours worked, including failing to pay 150% of Named Plaintiff's and the Employees Entitled to Notice's regular rate for all hours worked beyond forty (40) in a workweek.

46. As a result of Defendant's FLSA violations, Named Plaintiff and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

47. Any alleged defenses Defendant may raise will be common to the Named Plaintiff and the Employees Entitled to Notice.

## VI. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

48. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

49. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant was an employer of Named Plaintiff and Employees Entitled to Notice within the meaning of 29 U.S.C. § 203(d).

50. During the time period from approximately three (3) years preceding the commencement of this action to the present, Named Plaintiff and the Employees Entitled to Notice were employed by Defendant within the meaning of 29 U.S.C. § 203(e)(1).

51. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant employed Named Plaintiff and the Employees Entitled to Notice within the meaning of 29 U.S.C. § 203(g).

52. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant was an employer subject to the FLSA.

53. During all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, *et seq.*

9

54. At all times material to this Complaint, Defendant regularly employed Named Plaintiff and the Employees Entitled to Notice to work more than forty (40) hours in a workweek.

55. Defendant violated federal law because it knew or should have known that Named Plaintiff and the Putative Plaintiffs should have been paid overtime for all hours worked over forty (40) in a workweek, including work performed prior to or beyond their regularly scheduled hours.

56. Defendant, as described above, violated the FLSA, 29 U.S.C. § 207, by failing to pay Named Plaintiff and the Employees Entitled to Notice at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

57. Named Plaintiff and the Employees Entitled to Notice should have been paid minimum wages for all hours worked and 150% of their regular rate for all hours worked beyond forty (40) in a workweek during the three years from the filing date of the Complaint or when they join this lawsuit.

58. Defendant willfully violated and continues to willfully violate the FLSA, by having engaged and continued to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

59. Named Plaintiff and the Employees Entitled to Notice are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of FLSA, by which the Named Plaintiff and the Employees Entitled to Notice have suffered and continue to suffer damages.

**COUNT II**
**VIOLATION OF THE OHIO WAGE ACT**

60. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

10

61. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

62. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

63. At all times material to this Complaint, Defendant was an employer covered by the Ohio Wage Act and has been thus required to comply with its mandates.

64. At all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio were covered "employees" of Defendant pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

65. At all times material to this Complaint, Defendant regularly employed Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio to work more than forty (40) hours in a workweek.

66. At all times material to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to compensate Named Plaintiff and Employees Entitled to Notice who join this lawsuit from Ohio for all hours worked, including Defendant's repeated action of refusing to compensate Named Plaintiff and Employees Entitled to Notice who join this lawsuit from Ohio for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times their regular rate.

67. Defendant violated the Ohio Wage Act because it knew or should have known Named Plaintiff and the Putative Plaintiffs should have been paid overtime for all hours worked

11

over forty (40) in a workweek, including work performed prior to or beyond their regularly scheduled hours.

68. Indeed, at all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio did not receive one and one-half times their regular rate for all hours they worked in excess of forty (40) in a workweek.

69. Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio are not exempt from the wage protections of Ohio Law. During relevant times, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio were not exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541 *et seq*.

70. In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

71. Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio are entitled to unpaid overtime and other compensation, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of the Ohio Wage Act, by which the Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio have suffered and continue to suffer damages.

## COUNT III
### OHIO PROMPT PAY ACT- FAILURE TO PROMPTLY PAY WAGES

72. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

73. At all times relevant to this Complaint, Defendant was Named Plaintiff's and the Employees' Entitled to Notice who join this lawsuit from Ohio "employer" and was required to comply with the Ohio Prompt Pay Act's provisions. *See* R.C. § 4113.15.

12

74. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* R.C. § 4113.15(A).

75. At all times material to this Complaint, Defendant has refused to pay Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio all owed overtime wages at one and one-half (1 ½) times their normal hourly rate and all wages at the statutorily mandate minimum wage rate, within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

76. Named Plaintiff's and the Employees' Entitled to Notice who join this lawsuit from Ohio wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

77. Defendant's violations of the OPPA have been of a willful, intentional, or bad faith nature or have otherwise exhibited a reckless disregard of the OPPA's provisions.

## COUNT IV
### VIOLATION OF O.R.C. § 2307.60 AND 29 U.S.C. § 216(a)

78. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

79. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

80. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiff and the Employees Entitled to Notice who join this lawsuit have been injured as a result.

81. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

13

82. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the Employees Entitled to Notice who join this lawsuit are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff, on behalf of herself and the Putative Plaintiffs, pray that this Court enter the following relief:

A. For an Order sending Court Supervised Notice to the FLSA Employees Entitled to Notice as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. In the event the Defendant seeks to have discovery on the issues of whether the FLSA Employees Entitled to Notice are similarly situated to the Named Plaintiff, that the Court issue an order tolling the FLSA statute of limitation for the FLSA Employees Entitled to Notice as of the filing of this Complaint.

C. Designating Named Plaintiff as representative for the FLSA Employees Entitled to Notice and designating counsel of record as Class Counsel;

D. Issuing proper notice to the FLSA Employees Entitled to Notice at Defendant's expense;

E. Unpaid wages, including overtime wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiff and the FLSA Employees Entitled to Notice;

F. A declaratory judgment that the practice complained of herein is unlawful under the Ohio Wage Act and the OPPA;

14

G. Awarding Named Plaintiff and the Employees Entitled to Notice who join this lawsuit from Ohio the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

H. Compensatory and punitive damages under O.R.C. § 2307.60.

I. Awarding pre-judgment and post-judgment interest;

J. Any other relief to which the Named Plaintiff and Employees Entitled to Notice may be entitled.

## JURY DEMAND

Plaintiff requests a trial by jury on all of their claims.

Dated: November 6, 2025                                       Respectfully submitted,

/s/ Robert E. DeRose
Robert E. DeRose (OH Bar No. 0055214)
Nickole K. Iula (OH Bar No. 0099895)
Anna R. Caplan (OH Bar No. 0104562)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
Email: bderose@barkanmeizlish.com
         niula@barkanmeizlish.com
         acaplan@barkanmeizlish.com

*Attorneys for Plaintiff*

15

# Exhibit A

Vinesign Document ID: 27CB00C8-1BAD-4307-BF3F-80D1972F736C
Franklin County Ohio Clerk of Courts of the Common Pleas - 2025 Nov 06 1:33 AM-25CV009606
Case: 2:25-cv-00000-EAS-EPD Doc #: 1-1 Filed: 00/00/00 Page: 17 of 17 PAGEID #: 52

# CONSENT TO JOIN WAGE CLAIM

Teresa Walsh

NAME: _____

1. I hereby give my consent to participate in a federal lawsuit against UNIVAR SOLUTIONS and/or to pursue my claims of unpaid wages during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act (FLSA) and the Ohio Minimum Fair Wage Standards Act and consent to be bound by the Court's decision.

3. I designate Robert E. DeRose, Attorney at Law, the law firm and attorneys at Barkan Meizlish DeRose Cox, LLP (collectively, "Attorneys") as my attorneys to prosecute my wage claims.

4. I intend to pursue my claim individually, unless and until the Court grants court supervised notice to be sent out to all employees entitled to notice of this lawsuit. I agree to serve as the Collective Representative, if asked by the Attorneys if the Court approves. If someone else serves as the Collective Representative, then I designate the Collective Representative(s) as my agents to make decisions on my behalf concerning the litigation including the decision to enter into arbitration, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5. I authorize the Attorneys to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

6. I provide the Attorneys and their staff prior express consent to contact me via phone or text, including calls or texts made using an automated telephone dialing system and/or texting system, at any telephone number on which I can be reached.

Signature: _Teresa Walsh_____  Date: __04/15/2025_____

The signed document can be validated at https://app.vinesign.com/Verify